UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DESHON MATTHEWS,

    Petitioner,

v.

    Case No. 1:19-cv-310

    HON. JANET T. NEFF

JOHN DAVIDS,

    Respondent.
_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the petition as lacking in merit. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

First, Petitioner objects "to the denial of [his] first issue which is substitute of counsel" (Obj., ECF No. 16 at PageID.415). Petitioner gives a summary of the efforts he took to notify the courts of his dissatisfaction with his appointed counsel, and states that the courts are incorrect in saying he "didn't explain [him]self" (*id.* at PageID.416). He asserts that he was "taken advantage of" because he "didn't know what to do" and has "a learning disability and ADHD" (*id.*).

Petitioner asks the Court to "grant [him] a fair trial and a fair life chance to defend [him]self" (*id.* at PageID.416). However, aside from Petitioner's assertions and disagreement with the Magistrate Judge's determination, he provides no argument to undermine the Magistrate Judge's thorough analysis of this issue or to warrant habeas relief (*id.*). The Magistrate Judge properly determined that Petitioner "failed to show that the court's determination regarding denial of substitute counsel 'was contrary to, or involved an unreasonable application of, clearly established Federal law' or that it resulted from 'unreasonable determination of the facts'" (R&R, ECF No. 13 at PageID.403, citing 28 U.S.C. § 2254(d)(1)-(2)). Therefore, the objection is denied.

Second, Petitioner objects to "the denial of [his] speedy trial by the courts" (Obj., ECF No. 16 at PageID.416). Petitioner disagrees with the Michigan Court of Appeals' application of the *Barker* four-factor test in determining whether the length of delay deprived him of his right to a speedy trial in violation of the Sixth Amendment, again setting forth a summary of the facts and circumstances to essentially reargue this claim (*id.* at PageID.417).[1] Petitioner asserts that the length of his delay was eleven months, and the reason for the delay was to "satisfy the prosecutor to get my co-defendant to make up his mind and to finish his carjacking trial" (*id.*). Further, Petitioner contends that he asserted his rights by writing "letters stating the facts that [he] hasn't been to trial in 180 day[s] also 11 months," and as a result he suffered prejudice by losing witnesses, in addition to the delay "effect[ing] [sic] [his] rehabilitation …," "lost [] time with [his] kids," "new mental health problems" and not being able to support himself while in prison (*id.*). However, Petitioner's assertions do not establish error in the Michigan Court of Appeals' or the

---

[1] In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court established four factors for determining whether a defendant has been denied the Sixth Amendment right to a speedy trial. A court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant (R&R, ECF No. 13 at PageID.404).

Magistrate Judge's sound analysis of the *Barker* factors. The Magistrate Judge properly determined that "the state court's factual determinations and its application of the *Barker* test, the clearly established federal law, were reasonable" (R&R, ECF No. 13 at PageID.408). Therefore, the objection is denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

The Magistrate Judge set forth the applicable standards for a certificate of appealability, finding that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. The Magistrate Judge recommended that the Court deny Petitioner a certificate of appealability (R&R, ECF No. 13 at PageID.411). Moreover, although the Magistrate Judge concluded that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, the Magistrate Judge would not conclude that any issue Petitioner might raise on appeal would be frivolous (*id.*, citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). The Magistrate Judge's recommendations are sound, and the Court will order accordingly.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 13) is APPROVED and ADOPTED as the Opinion of the Court.

4

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted; however, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.


Dated:  November 5, 2020                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge